CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JEFFREY LYNN BUSSEY, JR.,** | ) | |
| Petitioner, | ) | **Case No. 7:26-cv-00190** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **MAJOR KILGORE, et al.,** | ) | **Senior United States District Judge** |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

Jeffrey Lynn Bussey, Jr., an inmate proceeding <u>pro se</u>, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Bussey is currently serving sentences imposed by the Circuit Court for the City of Bristol, and he claims that the respondents have improperly calculated his sentences and unlawfully extended his release date. For the following reasons, the court concludes that the petition is properly construed as a habeas petition under 28 U.S.C. § 2254. Because Bussey has not yet exhausted his state court remedies, the court will summarily dismiss the petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

It is well settled that the "exclusive vehicle" for "habeas relief for prisoners in custody under a state judgment" is a petition filed under 28 U.S.C. § 2254. <u>Saulsberry v. Lee</u>, 937 F.3d 644, 647 (6th Cir. 2019) (internal quotation marks omitted). Consequently, "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 . . . , even if they challenge the execution of a state sentence." <u>In re Wright</u>, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotation marks omitted).

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied by presenting a claim to the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "To exhaust remedies as to a sentence miscalculation claim, [a Virginia] inmate may pursue a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia," or the inmate "can file a state habeas petition directly with the Supreme Court of Virginia." Bassett v. Johnson, No. 7:09-cv-00456, 2009 WL 4280288, at *2 (W.D. Va. Nov. 30, 2009) (citing Va. Code Ann. §§ 8.01-654(A)(1), 17.1-411). Whichever route the inmate pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. O'Sullivan, 526 U.S. at 845.

In the pending petition, Bussey alleges that he filed an institutional grievance challenging the calculation of his sentences, as well as a "motion for correct jail credits" in the Circuit Court for the City of Bristol. Pet., ECF No. 1, at 6. However, he does not allege that he presented his claims to the Supreme Court of Virginia, and the state's online appellate court management system indicates that no petition has been filed with the state's highest court. Because Bussey has not exhausted available state remedies, the court will summarily dismiss the petition without prejudice. If Bussey's state petition is unsuccessful and be believes "that he is in custody in violation of the Constitution or laws of . . . the United States," he may refile a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

2

For these reasons, Bussey's petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. An appropriate order will be entered.

Entered: March 23, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.23 15:48:21
-04'00'

Michael F. Urbanski
Senior United States District Judge